VAN SLYKE NEWS AGENCY, INC., Respondent, *v.* THE NEWS SYNDICATE COMPANY, INC., Appellant.

Third Department, January 17, 1924.

**Contracts — action to recover for breach of contract to deliver newspapers — mutuality — contract provided for sale by defendant to plaintiff for indefinite period — plaintiff made no agreement to buy papers — contract lacks mutuality and cannot be enforced.**

A contract entered into between a newspaper publisher and a jobber whereby the publisher agreed to deliver to the jobber as many papers as it might require for an indefinite period at a fixed price, and not to sell papers to any other agent or jobber, is void and unenforcible for lack of mutuality, where it appears that the jobber made no agreement whatever to buy any papers.

HINMAN, J., dissents, with opinion.

APPEAL by the defendant, The News Syndicate Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 26th day of March, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the defendant's motion for a new trial made upon the minutes.

*MacDonald DeWitt,* for the appellant.

*Visscher, Whalen, Loucks & Murphy* [*J. Harris Loucks* of counsel], for the respondent.

McCANN, J.:

Plaintiff corporation is in the business of buying newspapers and periodicals from publishers thereof and selling the same at wholesale to newsdealers in the city of Albany and vicinity, who in turn sell at retail to the general public. The defendant is a publisher of

certain newspapers.   Francis N. Van Slyke, president of plaintiff, purchased and sold defendant's newspapers prior to the organization of plaintiff corporation in May, 1922.   Thereafter and until July 11, 1922, plaintiff continued to act as distributor of defendant's papers in and about the city of Albany.   On the last mentioned date the defendant without notice stopped delivering papers to plaintiff, the reason being that the defendant insisted upon the plaintiff signing an agreement with reference to the handling of its publications, but which the plaintiff refused to do for the reason that such agreement provided among other matters that the account book of the defendant, known as a blotter, should be regarded at all times as conclusive evidence as to the number of papers for which the plaintiff was indebted.   On or about July 21, 1922, an employee of the defendant, one Lewis, called on Mr. Van Slyke, president of plaintiff corporation, to renew or continue the relations which had theretofore existed between plaintiff and defendant.   At that time it was claimed an agreement was entered into, the substance of which was as follows:   " The defendant agreed to sell copies of the Daily News to the plaintiff in any amount which the plaintiff asked for; the defendant further agreed to sell to no other agent in the city of Albany; plaintiff agreed to pay the wholesale price for said newspapers which was Two Dollars ($2.00) per hundred for dailies, and Two Dollars ($2.00) per hundred for Sundays.   The defendant further agreed to furnish any amount of papers which the plaintiff might order."

It appeared that on July 24, 1922, the plaintiff ordered 500 dailies and 1,300 Sundays, the delivery thereof to start on July 25, 1922.   The plaintiff claims that thereupon it took orders from retailers for the delivery of a large number of papers, and that it engaged the services of a special employee to assist in carrying on the work.   Plaintiff thereupon gave to defendant a check which reads as follows:

" ALBANY N. Y. *July* 24 1922.
" CENTRAL BANK OF ALBANY N. Y.
" Pay to the order of The News $100.No /100
    One Hundred Dollars          Dollars
                " THE VAN SLYKE NEWS AGENCY INC.
                        " F. N. VAN SLYKE,
                            " *President and Treasurer* "

On the face of this check was written the following:

" This is for a deposit to cover account beginning July 24th, 1922.
        " THE VAN SLYKE NEWS AGENCY, INC."

47

The defendant accepted said check and applied the same to the payment of an account of $82.61, which the defendant claimed was owing from plaintiff on July 11, 1922, at the time of the discontinuance of the former relations between the parties, leaving a balance due plaintiff as claimed by defendant of $17.39. The defendant refused to deliver the papers according to the contract as claimed by plaintiff and refused to recognize the alleged contract of July 24, 1922. The plaintiff brought an action to recover the sum of $1,000 damages claimed to have been sustained by reason of defendant's breach of contract in refusing to sell and deliver its newspapers, and $100 which defendant failed to return to plaintiff and which plaintiff claimed was a deposit on account of the unfulfilled contract. The defendant offered judgment for the sum of $17.39. The jury rendered a verdict for plaintiff for the sum of $875, from which verdict and from the order denying motion to set aside the same, and for a new trial, the defendant now appeals to this court. Plaintiff claims there is a question of fact as to whether or not Mr. Lewis who negotiated the contract on July 24, 1922, was authorized so to do by defendant corporation. There is considerable testimony on this subject the substance of which would lead to the conclusion that Mr. Lewis was not duly authorized to make such contract, although the jury has found to the contrary. The question, however, of the authority of Mr. Lewis is not necessary for determination in this case. Assuming for the sake of the argument, that he was so authorized, the contract as alleged was not a valid one, and could not be enforced. The substance of the contract is set forth above and the evidence to sustain the same is based upon the testimony of Van Slyke, the president of plaintiff, and of Caplan, an employee of plaintiff. It appears that Van Slyke had a conversation with Lewis which resulted in an order being given to Lewis for 500 dailies and 1,300 Sunday papers. In answer to a question as to what if anything was said between witness and Lewis as to how long these papers should be delivered, the witness answered: " Why, the agreement was for an indefinite length of time; as long as everything went along all right." Later, " Q. I don't know what the ' agreement' was. What was said? What did he say and what did you say as to how long? How long did he say you should continue to sell the papers? A. As long as we cooperated with them in increasing their circulation." Subsequently, in answer to the question as to whether the plaintiff could have additional copies, the answer was, " Why, certainly, all we could use." The witness Caplan testified that the conversation was " that the agency was to continue in Mr. Van Slyke's hands as long as the papers were paid for and he

cooperated with them in the circulation end of it." The foregoing testimony is all there is in the case upon which a contract could be based. It appears from the testimony of plaintiff that he engaged a boy named Furlong at ten dollars a week to take charge of the paper work. It does not appear for how long the boy Furlong's services were engaged. The first point raised by the appellant is that the contract in suit was void for lack of mutuality of obligation; that it purported to bind the defendant to sell, without obligating the plaintiff to purchase. The testimony shows that this contention is correct.

" Unless both parties to a contract are bound so that either can sue the other for a breach, neither is bound." (*Schlegel Mfg. Co. v. Cooper's Glue Factory*, 231 N. Y. 459 and cases cited.)

We do not regard the case of *Ehrenworth v. Stuhmer & Co.* (229 N. Y. 210) as conclusive in this case, because the duration of the contract in this case is not definite.

The appellant claims that the trial court erred in denying defendant's motion for judgment on the counterclaim. Plaintiff's reply denies that " the plaintiff is indebted to the defendant in the sum of $82.61." Such denial is not good, but the pleading might easily have been amended on the trial. The plaintiff in his testimony admits an indebtedness of more than this amount.

The judgment should be modified by reducing the same to seventeen dollars and thirty-nine cents, with interest thereon from July 24, 1922, and as so modified judgment and order affirmed, with costs to the appellant in the trial court and without costs in this court.

All concur, except HINMAN, J., dissenting, with an opinion.

HINMAN, J. (dissenting):

The contract was to supply plaintiff with the number of papers ordered so long as the parties co-operated and the plaintiff increased the circulation. The plaintiff was to have the agency for the sale of the papers in the city of Albany. This was the defendant's agreement. Was there consideration and mutuality? Anything of value, any promise to do what a party is not bound to do, constitutes a consideration. Mutuality in a contract signifies the existence of obligations on both sides. The plaintiff advanced $100 as a deposit to cover the new account. This was an advance payment upon the general account. It was a detriment to the plaintiff and a benefit to the defendant. It constituted consideration and supplied the element of mutuality. Of course the duration of the contract was indefinite but that does not make it

invalid. It is no more indefinite than the contract in the case of *Ehrenworth* v. *Stuhmer & Co.* (229 N. Y. 210). The charge of the court to which exception has been taken seems to be fully sustained by such case.

Upon the question of agency we have the fact that the plaintiff had been in similar business before for the defendant and the arrangements had been made through the same agent. The defendant took and applied to its own use the $100 check, which upon its face recited that it was a deposit upon the new account. When a principal ratifies without full knowledge of the facts under circumstances which are sufficient to put a reasonable man upon inquiry, such lack of full knowledge does not protect the principal if he deliberately chooses to act without such knowledge. (31 Cyc. 1257.)

The plaintiff was entitled to recover whatever loss it had sustained up to the time of the action and future gains which were prevented by the breach of the contract. (*Nash* v. *Thousand Island Steamboat Co.*, 123 App. Div. 148; *Sayer* v. *Wilstrop*, 200 id. 364, 375.)

I vote for an affirmance of the judgment.

Judgment modified by reducing the same to seventeen dollars and thirty-nine cents, with interest thereon from July 24, 1922, and as so modified judgment and order affirmed, with costs to the appellant in the trial court and without costs in this court.