HOVSEP PUSHMAN, Appellant, v. NEW YORK GRAPHIC SOCIETY, INC., et al., Respondents.

Argued December 9, 1941; decided January 15, 1942.

*J. Francis Hayden* and *Leo T. Kissam* for appellant. The plaintiff's original property right in his painting as a physical object, and his artistic property or common-law copyright therein were separate and distinct. A conveyance of the physical property did not imply a transfer of the artistic property or common-law copyright. (*Werckmeister* v. *American Lithographic Co.*, 142 Fed. Rep. 827; *Press Pub. Co.* v. *Monroe*, 73 Fed. Rep. 196; *Jewelers' Mercantile Agency* v. *Jewelers' Weekly Publishing Co.*, 155 N. Y. 241; *Oertel* v. *Wood*, 40 How. Pr. 10; *Harper & Bros.* v. *Donohue & Co.*, 144 Fed. Rep. 491; *Parton* v. *Prang*, 18 Fed. Cas. 1273; Drone on Copyright [1879], p. 106; *Werckmeister* v. *Springer Lithographing Co.*, 63 Fed. Rep. 808; *Dielman* v. *White*, 102 Fed. Rep. 892; *Yardley* v. *Houghton Mifflin Co.*, 25 Fed. Supp. 361; 108 Fed. Rep. [2d] 28; *Stephens* v. *Cady*, 14 How. 528; *Woolsey* v. *Judd*, 11 How. Pr. 49.) The painting is not in the public domain. (*Werckmeister* v. *Pierce & Bushnell Mfg. Co.*, 63 Fed. Rep. 445; *Bobbs-Merrill Co.* v. *Straus*, 147 Fed. Rep. 15; *Werckmeister* v. *American Lithographic Co.*, 134 Fed. Rep. 321; *American Tobacco Co.* v. *Werckmeister*, 146 Fed. Rep. 375; 207 U. S. 284; *Patterson* v. *Century Productions, Inc.*, 19 Fed. Supp. 30; 93 Fed. Rep. [2d] 489; *Daly* v. *Walrath*, 40 App. Div. 220; *Jewelers' Mercantile Agency* v. *Jewelers' Weekly Pub. Co.*, 155 N. Y. 241; *Palmer* v. *DeWitt*, 47 N. Y. 532; *Dielman* v. *White*, 102 Fed. Rep. 892; *Yardley* v. *Houghton Mifflin Co.*, 25 Fed. Supp. 361; 108 Fed. Rep. [2d] 28.)

*George M. Simon* and *Robert J. Burton* for American Artists Professional League, Inc., et al., *amici curiæ*. An artist has a common law copyright in all of his works which is perpetual unless rights of reproduction in a work are expressly granted by the artist. (*Wheaton* v. *Peters*, 8 Pet. 591; *Caliga* v. *Inter Ocean Newspaper Co.*, 215 U. S.

304

182; *Tribune Co. v. Associated Press*, 116 Fed. Rep. 126; *Stephens* v. *Cady*, 14 How. 529; *Werckmeister* v. *American Lithograph Co.*, 134 Fed. Rep. 321; *Bartlett* v. *Crittenden*, 2 Fed. Cas. 967; *Bobbs-Merrill Co.* v. *Straus*, 210 U. S. 339; *Parton* v. *Prang*, 18 Fed. Cas. 1273.) The transfer of the physical manuscript or other unpublished work does not of itself pass the common law copyright therein. (*Stephens* v. *Cady*, 14 How. 529; *O'Neill* v. *General Film Co.*, 171 App. Div. 854; *Yardley* v. *Houghton Mifflin Co.*, 108 Fed. Rep. [2d] 28; *National Cloak & Suit Co.* v. *Kaufman*, 189 Fed. Rep. 215; *Tobani* v. *Fischer*, 98 Fed. Rep. [2d] 57; *Moore* v. *Ford Motor Co.*, 28 Fed. Rep. [2d] 529; *Bartlett* v. *Crittenden*, 2 Fed. Cas. No. 967; *Baker* v. *Libbie*, 97 N. E. Rep. 109; *Jewelers' Merc. Agency* v. *Jewelers' Weekly Pub. Co.*, 155 N. Y. 241.) The trial court erred in holding that the sale of the plaintiff's work to the university constituted an abandonment and a publication. (*Werckmeister* v. *American Lithographic Co.*, 134 Fed. Rep. 321; *Baker* v. *Libbie*, 97 N. E. Rep. 109; *Universal Film Mfg. Co.* v. *Copperman*, 212 Fed. Rep. 301; *Caliga* v. *Inter Ocean Newspaper Co.*, 215 U. S. 182; *Tribune Co.* v. *Associated Press*, 116 Fed. Rep. 126; *Jewelers' Merc. Agency* v. *Jewelers' Weekly Pub. Co.*, 155 N. Y. 241.)

*James G. Holland* and *Ernest E. Wheeler* for respondents. The sale by an artist of one of his paintings without express reservations vests in the purchaser all rights of ownership, including the right to copy or reproduce and to sell the reproductions. (*Parton* v. *Prang*, 18 Fed. Cas. 1273; *Werckmeister* v. *Pierce & Bushnell Mfg. Co.*, 63 Fed. Rep. 445; *Dielman* v. *White*, 102 Fed. Rep. 822; *Gerlach-Barklow Co.* v. *Morris & Bendien*, 23 Fed. Rep. [2d] 159.) Grand Central Galleries could and did sell the reproduction rights. (*Groat* v. *Gile*, 51 N. Y. 431; *Higgins* v. *Moore*, 34 N. Y. 417.) The painting is in the public domain. (*Dielman* v. *White*, 102 Fed. Rep. 822; *American Tobacco Co.* v. *Werckmeister*, 207 U. S. 284.)

DESMOND, J. Plaintiff, who is an artist, brought this suit in 1940 for an injunction to enjoin the defendants from

making reproductions of a painting executed by plaintiff and which he had/sold outright to the University of Illinois in 1930, for $3,600. This painting was not copyrighted under the copyright laws of the United States. Special Term denied the injunction and dismissed the complaint on the merits, writing an opinion and decision in which it is said that the only question in the case is as to whether an artist after giving an absolute and unconditional bill of sale of his painting, still retains such a common law copyright in it as to be able to prevent commercial reproduction. Appellate Division, First Department, one of the justices dissenting, affirmed without opinion.

Plaintiff, Pushman, has an international reputation as an artist, for his execution of still life subjects in color. He has been painting for fifty years; his original works command substantial prices and many of them are held by museums and collectors. In 1930 he completed the painting, entitled "When Autumn is Here," which is the subject of this action. He turned the painting over for sale to Grand Central Art Galleries which seems to be a mutual organization of artists for sale of their works, as agent for them. All the evidence is that the plaintiff did not state that he was seeking to reserve reproduction rights in his painting and that he made no such reservation at any time up to and including the sale to the University. There is evidence here of a general practice of this gallery whereby whenever it sold a painting to a purchaser who was in the reproduction business, which of course would not include the University, the Gallery negotiated a separate written agreement between the artist and the purchaser covering reproduction rights. Pushman never expressly authorized the Gallery to sell the rights to reproduce this painting, nor did he forbid it. Shortly after this painting was sent to the Gallery for sale, the manager of the Gallery took it and a number of others to the University of Illinois where he exhibited them publicly for sale. The University chose seven of these paintings, including the one by plaintiff here in suit. The University would not pay plaintiff's asking price of $5,000 and so the Gallery sold it to the University for $3,600. All this took

place in 1930. The painting remained at the University until 1940 when the University sold to the defendant, New York Graphic Society, Inc., the right to make reproductions. The trial proofs had been made by defendants and the reproductions were about to be put on the market when plaintiff learned of the project and brought this suit.

Both parties bear down hard on the leading case of *Parton* v. *Prang* (18 Fed. Cases, No. 10784). That suit, very similar to this, was decided on the pleadings. The artist plaintiff Parton, who was seeking, like plaintiff here, to enjoin the reproduction of one of his paintings by a defendant who had bought the painting from a dealer, lost the suit. True, it was argued in that case that the artist had lost his rights to object because of certain negotiations with the defendant, but the court, leaving that question undecided, held positively that " if the sale was an absolute and unconditional one, and the article was absolutely and unconditionally delivered to the purchaser, the whole property in the manuscript or picture passes to the purchaser, including the right of publication, unless the same is protected by copyright, in which case the rule is different " (18 Fed. Cases at page 1278). In *Parton* v. *Prang* there was cited *Turner* v. *Robinson* (10 Irish Chancery Rep. 121, 143), which case is considered authoritative and wherein it is said: " it would be a waste of time to add more than that the copyright is incident to the ownership, and passes at the Common Law with a transfer of the work of art." In Weil on Copyright Law, at page 116, the author cites the *Prang* case for the proposition that *prima facie* a transfer of a work of art " will be deemed to be intended to carry the common law copyright with it unless a contrary intention be manifested." In Drone on The Law of Property in Intellectual Productions, it is said at page 106 that the " unconditional sale of a painting is a transfer of the entire property in it." In *Dam* v. *Kirk La Shelle Co.* (175 Fed. Rep. 902, 904), in this circuit (not in point on the facts) it is said that " a sale or assignment without reservation would seem necessarily to carry all the rights incidental to ownership."

The most recent case called to our attention is *Yardley* v. *Houghton Mifflin Co.* (108 Fed. Rep. [2d] 28, Second Circuit; certiorari denied, 309 U. S. 686). That case concerns a painting copyrighted by the artist. In building a public school in New York city, the contractor was obligated to furnish a mural painting for the wall of one of the rooms. The artist was selected by the city but paid by the contractor. Nothing was said in the contract as to who was to own the copyright but when the painting was actually installed it had already been copyrighted by the artist. The court held that in the absence of any reservation, the copyright passed to the city and that the city owned and could sell the right to reproduce. I do not believe that this case is distinguishable because that painting was commissioned by the purchaser, or because the purchaser was a municipal corporation.

We are, of course, concerned here with the so-called common law copyright, not statutory copyright. This common law copyright is sometimes called the right of first publication. There is no question but that it is a different and independent right from the usual right of ownership of an article of personal property (*Stephens* v. *Cady*, 14 How. [U. S.] 528, 530). The *Stephens* case quotes Lord Mansfield as saying it is " a property in notion, and has no corporeal tangible substance." There is no doubt that in New York State the separate common law copyright or control of the right to reproduce belongs to the artist or author until disposed of by him and will be protected by the courts (*Oertel* v. *Wood*, 40 How. Prac. 10; *Howitt* v. *Street & Smith Publications, Inc.*, 276 N. Y. 345, 350). Such is the holding of the case of *Werckmeister* v. *Springer Lithographing Co.* (63 Fed. Rep. 808), which says (at p. 811) that the painting itself may be transferred without a transfer of the common law rights of publishing or restricting publication, and that the ownership of the painting itself does not necessarily carry with it the common law copyright. The same thing is held in *Caliga* v. *Inter Ocean Newspaper Co.* (157 Fed. Rep. 186, 188; affd., 215 U. S. 182). *Palmer* v. *DeWitt* (47 N. Y. 532) is not direct authority either way on the case before us.

We are not helped here by the cases which say that an artist's separate common law copyright does not necessarily pass with the sale of the painting. The question is whether it did pass with the sale of this painting. We think it follows from the authorities above cited that it did so pass and that an artist must, if he wishes to retain or protect the reproduction right, make some reservation of that right when he sells the painting. The *Parton* case above cited has always been considered as so holding. There are seemingly contrary expressions in some cases, such as the dictum in *Stephens* v. *Cady* (14 How. [U. S.] at p. 531), that the right to reproduce " will not pass with the manuscript unless included by express words in the transfer." Appellant cites also other authorities which say that the sale of a work of art does not carry with it the right of reproduction " unless such was the evident intent of the parties." But this begs the question. What was the intent of the parties? The whole tenor of the *Prang* case, as we read it, is that an ordinary, straight out bill of sale shows an intention to convey the artist's whole property in his picture. Here there is no substantial proof of a contrary intent.

We are not entering into a separate discussion as to whether by this sale *and* the public exhibition the artist is to be held to have " published " the work so that his common law right is lost. Special Term so held (see *Keene* v. *Kimball*, 16 Gray [Mass.], 545; *Baker* v. *Taylor*, Fed. Case No. 782). Nor need we examine into the equities, as did Special Term. Our conclusion is that under the cases and the texts, this unconditional sale carried with it the transfer of the common law copyright and right to reproduce. Plaintiff took no steps to withhold or control that right. " The Courts cannot read words of limitation into a transfer which the parties do not choose to use " (*Dam* v. *Kirk La Shelle Co.*, 175 Fed. Rep. 902, 904).

The judgment of the Appellate Division should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment affirmed.