### GRANDMA MOSES PROPERTIES, Inc.

### v.

### THIS WEEK MAGAZINE et al.

United States District Court
S. D. New York.

Nov. 30, 1953.

H. C. Bierman, New York City, for plaintiff.

Brown, Cross & Hamilton, New York City, for defendants, E. Douglas Hamilton, New York City, of counsel.

SUGARMAN, District Judge.

On September 21, 1940 Anna Mary R. T. Moses entered into an agreement in writing with Louis J. Caldor providing that she would sell her paintings only to him and appointing him "sole agent and representative for any exhibition and for resale of my works, or reproductions thereof".

By agreement previously made between Caldor and Otto Kallir, an exhibition of Mrs. Moses' paintings was held at Galerie St. Etienne, owned by Kallir, in October 1940, and, pursuant to said prior agreement, Caldor, after the exhibition, assigned his agreement of September 21, 1940 with Mrs. Moses, to Kallir.

On February 28, 1944, Mrs. Moses painted a picture which she entitled "Over the River to Grandma's House" and identified as No. 550.

On March 22, 1944, Mrs. Moses painted another picture which she also entitled "Over the River to Grandma's House" and identified as No. 563, which she sold the day it was painted.

On November 27, 1944, Mrs. Moses entered into an agreement in writing with Kallir and Ala Story granting to them "first choice for purchase of all pictures painted by her as of January 1, 1945" upon certain terms and conditions.

On October 18, 1945, Mrs. Moses entered into a superseding agreement with Kallir and Mrs. Story granting them "the sole and exclusive right to purchase all pictures painted by her after the date of these presents, until the 31st day of December, 1955 inclusive". Paragraph 5 of that agreement provided

"Mrs. Moses hereby agrees to sell, assign and transfer to the Buyers [Kallir and Mrs. Story] all her copyright in the paintings above mentioned and hereby sells, assigns and transfers all her copyright in all the pictures painted by her prior to the date hereof, except those as to which she has heretofore assigned the copyright; * * *".

On May 24, 1948, Galerie St. Etienne obtained a statutory copyright on Mrs. Moses' painting No. 550.

On November 17, 1948, plaintiff was incorporated in New York.

On November 30, 1949, Kallir and Mrs. Story assigned to plaintiff their contract of October 18, 1945 with Mrs. Moses, except their right thereunder to purchase Mrs. Moses' paintings.

On December 24, 1949, plaintiff registered the trade-mark "Grandma Moses" in the United States Patent Office.

On February 11, 1953, William I. Nichols, editor of defendant's weekly publication "This Week Magazine", purchased Mrs. Moses' painting No. 563 at public sale at a New York art gallery and transferred it to defendant.

The October 18, 1953 issue of "This Week Magazine" carried an announcement that the succeeding issue would carry a reproduction of "an original Grandma Moses painting, 'Over The River To Grandmother's House' * * * with full directions on how to get your personal print for framing.".

On October 25, 1953, "This Week Magazine" carried a folded reproduction of No. 563 with the title "Over The River To Grandmother's House by Grandma

Moses" to which was attached an order blank returnable to "This Week" to be used by the reader in ordering, for $1, a reprint of No. 563 "in full color, on high grade, heavy paper suitable for framing, the same size as this reproduction, but with wide white margins * * *".

By show cause order granted October 26, 1953 plaintiff moves for a preliminary injunction against defendant "under Rule 65 of F.R.C.P. [28 U.S.C.A.] to restrain Defendant(s) from advertising, offering for sale or selling prints appearing in This Week Magazine issue of October 25, 1953 * * * pending the trial of the issues herein.".

"It is a cardinal principle of equity jurisprudence that a preliminary injunction shall not issue in a doubtful case. Unless the court be convinced with reasonable certainty that the complainant must succeed at final hearing the writ should be denied." [1]

The plaintiff has failed in that burden.

The parties have expended their vigor in disputing whether No. 563 is a copy of No. 550 on the assumption that resolution of that question would determine the issue. As I view the case, the determination of that fact is not indispensable for in either event the result is the same.

Mrs. Moses, in her affidavit of October 23, 1953, in support of the motion, says:

"4. That on February 28, 1944 she produced a painting entitled 'Over the River to Grandma's House' which she identified by No. 550 * * *

"5. Subsequent to painting No. 550 she painted on March 22, 1944 a copy thereof, which she entitled 'Over the River to Grandma's House', having some minor variations in details, which later painting she identified as No. 563.

"6. She sold painting No. 563 to a person whose name is now unknown to her.

"7. The sale by her of painting No. 563 was only the sale of the painting itself and did not include any right of reproduction thereof."

Kallir, in his affidavit of November 24, 1953, in support of the motion says:

"2. On information and belief, based upon an inspection of the records of Anna Mary Robertson Moses, she sold painting No. 563 on or about March 22, 1944 to a person whose name is now unknown to her.".

Notwithstanding the conclusory statement in paragraph 7 of her affidavit, Mrs. Moses avoids stating that when she sold No. 563 to the now unknown vendee she reserved the right of reproduction and limited the sale to the physical picture itself.

Admittedly no statutory copyright of No. 563 was ever procured by her or plaintiff and not until May 24, 1948 did plaintiff's assignor procure such copyright on No. 550. Thus the issues must be measured in the light of Mrs. Moses' "common law copyright".

Assuming, as defendant asserts, No. 563 to have been an original painting, because of the difference in its detail from No. 550, absent specific reservation thereof, the right to reproduce No. 563 went with the sale of the picture.[2]

On the other hand, assuming, as plaintiff contends, No. 563 to have been a copy of No. 550 because of its general likeness to No. 550, then, absent specific reservation of the right to reproduce No. 563 that right and the right to reproduce No. 550 itself went with the sale of the picture.

■ This circuit has said that the "common-law right is lost by the general publication or *unrestricted sale of a single copy*" (emphasis supplied).[3]

1. Hall Signal Co. v. General R. Signal Co., 2 Cir., 153 F. 907, 908.

2. Pushman v. New York Graphic Soc., Inc., 287 N.Y. 302, 39 N.E.2d 249.

3. Bobbs-Merrill Co. v. Straus, 2 Cir., 147 F. 15 at page 19, affirmed 210 U.S. 339, 28 S.Ct. 722, 52 L.Ed. 1086.

■ Thus, regardless whether No. 563 was an original or a copy of No. 550, the unrestricted sale of No. 563 carried to its purchaser and his successors, including this defendant, the untrammelled right to reproduce at least No. 563 unless the procurement by plaintiff's assignor of a statutory copyright on No. 550 in May of 1948 dictates otherwise.

If, as plaintiff contends, No. 563 was a copy of No. 550, the unrestricted sale of that copy under the Bobbs-Merrill case simultaneously ended Mrs. Moses' "common-law copyright" of the original —No. 550. The attempt, years later by plaintiff's assignor, to secure a statutory copyright on No. 550 was a nullity[4] for if Mrs. Moses had "any common law copyright it passed under the sale and the subsequent application for a statutory copyright was made by plaintiff under a misconception of his rights and is invalid. 17 U.S.C.A. § 1 et seq.".

Upon the foregoing I conclude that plaintiff's likelihood of success on the trial of this action is so remote as to preclude its having the summary protection of the preliminary injunction which it seeks.

Although the prayer in the moving papers does not seek specific restraint against the use of the phrase "Grandma Moses" separate and apart from the reproduction of No. 563 both parties have assumed in their memoranda that it does. However, the defendant in its brief states

"We believe that any member of the public including the defendant may use the name Grandma Moses to refer to the authorship of a painting by Mrs. Anna Mary Robertson Moses without infringing the plaintiff's trade mark but to avoid any claim, however unreasonable, that the defendant is acting unfairly, the defendant has decided to eliminate the name Grandma Moses as the name of the artist from the prints the defendant will sell and

the name Grandma Moses is being eliminated from all future advertising".

The concession by defendant obviates any further consideration of that phase of the motion.

Settle an order in conformity with the above.

---

4. Ripley v. Findlay Galleries, Inc., 7 Cir., 155 F.2d 955, certiorari denied 329 U.S. 775, 67 S.Ct. 194, 91 L.Ed. 666.