FIRST DEPARTMENT, NOVEMBER, 1971

(November 4, 1971)

■ SOUVERAN FABRICS CORP., Appellant, v. VIRGINIA FIBRE CORPORATION, Respondent.— Order, Supreme Court, New York County, entered on June 9, 1971, dismissing the amended complaint, affirmed. Respondent shall recover of appellant $50 costs and disbursements of this appeal. To Special Term's well-reasoned opinion we would add that the record clearly discloses that the plaintiff seeks recovery under an alleged contract which left plaintiff free to forebear from placing any order for fabrics but sought to forever bind the defendant not to make the same fabric for anyone else. Consequently, mutuality of obligation is lacking and the contract is unenforceable. (See *Van Slyke News Agency* v. *News Syndicate Co.*, 207 App. Div. 736, app. dsmd. 249 N. Y. 602.) "Unless both parties to a contract are bound, so that either can sue the

other for a breach, neither is bound ". (*Schlegel Mfg. Co.* v. *Cooper's Glue Factory,* 231 N. Y. 459, 462.) The suggestion in the dissent that leave to replead should be given in this case, although we are now confronting plaintiff's second attempt to plead a sufficient case, should not be adopted. In the first place, no leave to replead was requested as required by CPLR 3211 (subd. [e]). Secondly, if the plaintiff should apply to replead, it must furnish the court with a proposed new pleading as well as affidavits indicating facts to support the proposed amended cause. (*Cushman & Wakefield* v. *John David, Inc.,* 25 A D 2d 133. Concur — Markewich, J. P., Nunez and McNally, JJ.; Eager, J., concurs in the result and Kupferman, J., dissents in the following memorandum: Plaintiff-appellant designs and merchandises drapery. Defendant-respondent manufactures drapery. Plaintiff submitted a fabric design, which it claims to have created, to the defendant for manufacture. Thereafter, a written agreement was entered into "to confirm our verbal agreement", whereby defendant was to manufacture the fabric design exclusively for the plaintiff and for no one else. Defendant did use the design to manufacture for someone else in violation of this arrangement. On the motion to dismiss the complaint, the court at Special Term properly determined on the simple question of breach of contract that, without a commitment from the plaintiff to purchase, there was no consideration, and leave was given to replead. The amended complaint alleges essentially the same breach of contract (with certain variations not material here) and has a second cause for unjust enrichment. On the motion to dismiss, the court at Special Term found no substantial distinction in the situation, and dismissed the amended complaint. There was, however, a difference. The amended complaint pleaded unjust enrichment. Despite a failure of delineation, the plaintiff has set forth facts showing a cause of action for infringement of common-law copyright, unless, of course, the rights were transferred or the work is in the public domain due to publication. (*Pushman* v. *New York Graphic Soc.,* 287 N. Y. 302.) It takes very little originality for a fabric design to be protected by copyright. (*Bell & Co.* v. *Catalda Fine Arts,* 191 F. 2d 99; *Peter Pan Fabrics* v. *Weiner Corp.,* 274 F. 2d 487; see in general, Copyright Protection for Commercial Prints and Labels, 33 S. Cal. L. Rev. 163; N. Y. L. J., May 10, 1960, p. 4, col. 1; May 11, 1960, p. 4, col. 1.) Further, plaintiff would have a cause of action based on the submission of an idea and its use, which could be pleaded as an express contract or an implied contract. (*Cole* v. *Phillips H. Lord, Inc.,* 262 App. Div. 116; see, also, *Stone* v. *Goodson,* 8 N Y 2d 8.) The contract here would not be the contract found at Special Term to be without consideration, but would be based on the submission of a concrete idea, its use and the confidential relationship between the parties. In *Matarese* v. *Moore-McCormack Lines* (158 F. 2d 631) it was said at page 634: "The doctrine of unjust enrichment or recovery in quasi-contract * * * applies to situations where as a matter of fact there is no legal contract, but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another." This is clearly applicable here. (See *Miller* v. *Schloss,* 218 N. Y. 400, 407.) (In general on this question, see the chapter on the Law of Ideas in Nimmer, on Copyright; Idea-Piracy Claims — or Advertiser Beware, Solinger in 1953 Copyright Problems Analyzed.) That the claims of common-law copyright and to protect an idea have not been noted, is not unusual. In a case involving a candy wrapper (*Pecheur Co.* v. *National Candy Co.,* 315 U. S. 666), it was not until the matter reached the United States Supreme Court that it was realized that it was a copyright case, but there was no cause of action based on copyright. I would modify and permit the second

cause of action on unjustment enrichment to go forward, and would grant leave to serve a further amended complaint.