■ In the Matter of DAVAL-OGDEN, LLC, Appellant-Respondent, v HIGHBRIDGE HOUSE OGDEN, LLC, Respondent-Appellant. [961 NYS2d 33]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered February 3, 2012, which denied plaintiff's motion to vacate a default judgment, and denied sub silentio defendant's request for attorneys' fees and sanctions, unanimously modified, on the law, plaintiff's motion granted, and the matter remanded to the motion court for disposition of the underlying motion on the merits, and otherwise affirmed, without costs.

Under the circumstances of this case the motion court erred in finding that there was no excusable default based upon law office failure (*see* CPLR 2005; *compare Perez v New York City Hous. Auth.*, 47 AD3d 505, 505-506 [1st Dept 2008]).

Plaintiff also demonstrated a meritorious cause of action. Although the subject lease does have a disclaimer of defendant landlord's ability to deliver possession of the premises on the commencement date, that provision may reasonably be read to be limited to instances of a holdover, construction problems or regulatory failures, outside defendant's control (*cf. Northgate Elec. Corp. v Barr & Barr, Inc.*, 61 AD3d 467 [1st Dept 2009]). Indeed, to read the clause to excuse failure to deliver possession for any reason, including intentional acts of defendant landlord to breach the lease, would render the contract illusory (*see*

*Souveran Fabrics Corp. v Virginia Fibre Corp.*, 37 AD2d 925 [1st Dept 1971]; *compare Pacific Coast Silks, LLC v 247 Realty, LLC*, 76 AD3d 167 [1st Dept 2010]).

Moreover, plaintiff's claim that the failure to return its first month's rent and security deposit constitutes unjust enrichment is not barred by the voluntary payment doctrine, which requires that plaintiff make the payment at issue without any alleged fraud or mistake (*see Eighty Eight Bleecker Co., LLC v 88 Bleecker St. Owners, Inc.*, 34 AD3d 244, 246 [1st Dept 2006]). Here, however, plaintiff alleges that it made the payment not knowing that another tenant had a conflicting lease allowing it to continue in the premises.

Defendant is correct that plaintiff is barred from seeking lost profits, because it never took possession of the premises (*see Dodds v Hakes*, 114 NY 260, 265 [1889]). However, this does not warrant the conclusion that plaintiff does not have a meritorious cause of action.

In view of the foregoing, defendant is not entitled at this stage of the proceedings to an award of attorney's fees under the lease, or to sanctions under 22 NYCRR 130-1.1. Concur—Friedman, J.P., DeGrasse, Richter, Abdus-Salaam and Feinman, JJ.