*433 Plaintiffs Nader & Sons, LLC and Sisko Enterprises, LLC brought this action seeking payment on a promissory note (the secured promissory note or the note) as to which defendant Dan Shavolian is the promisor. This case arises out of a series of transactions involving two companies owned by nonparty Ezri Namvar, Namco Capital Group (Namco) and N.Y. 18 (NY 18), and a company operated by defendant, 127 West 25 LLC (25 LLC). At the time of the transactions at issue, NY 18 purportedly owned a 35% membership interest in 25 LLC. The remaining 65% of 25 LLC was owned by DHD 127, LLC (DHD). DHD is owned by defendant.
In June 2008, Namco and plaintiffs entered into the loan, pledge and security agreement (the loan agreement), in which Namco borrowed $12.5 million.[1] As collateral, NY 18 pledged its membership interest in 25 LLC to plaintiffs. However, in July 2008, Namvar, NY 18 and DHD entered the termination agreement which terminated NY 18’s interests in 25 LLC and stated that NY 18 “has no right, title or interest in” 25 LLC. Pursuant to the secured promissory note, defendant promised to pay NY 18 the sum of $2.6 million with interest. Payment on the note would become due 90 days after the last of the following events occurred: (i) the date of the note (Aug. 7, 2008), (ii) the date defendant received written notice by NY 18 that any pledge by NY 18 of its membership interests in 25 LLC were null and void (pledge termination condition), or (iii) the date that any claims arising out of action taken by NY 18 in connection to 25 LLC against defendant or 25 LLC were satisfied (claim satisfaction condition).[2]
In September 2008, Namco defaulted on the loan agreement. In 2010, plaintiffs and NY 18 entered into the partial settlement agreement in which NY 18 assigned its rights in the note *434 to plaintiffs. However, when plaintiffs sought payment on the note, defendant refused. Plaintiffs then brought this action, asserting breach of the note and foreclosure on the collateral securing the note.
Plaintiffs moved for summary judgment, asserting that the note’s conditions precedent had been satisfied. Defendant cross-moved for summary judgment dismissing the complaint. The motion court granted plaintiffs’ motion for summary judgment, finding that plaintiffs had established that the conditions of the note had been satisfied and that defendant had defaulted on the note. The court also denied defendant’s cross motion and ordered that defendant pay plaintiffs the principal sum on the note as well as interest accrued.
For the reasons set forth in the motion court’s decision, we affirm. Plaintiffs tendered a UCC financing statement amendment (UCC statement) terminating their interest in NY 18’s membership in 25 LLC and a general release of all claims arising out of NY 18’s actions in connection with 25 LLC. As the assignees to the note, plaintiffs stepped into NY 18’s shoes and therefore notice from plaintiffs that both conditions have been met satisfies NY 18’s obligations under the note (Matter of Stralem, 303 AD2d 120, 123 [2d Dept 2003]).
Defendant’s contentions that plaintiffs have failed to satisfy both conditions are unconvincing. Defendant argues not only that the conditions have not been met, but that they can never be met. He asserts that by transferring its interest in the note to plaintiffs, NY 18 enforced its pledge of its interests in 25 LLC to plaintiffs and therefore NY 18 can no longer declare its pledge null and void. Under defendant’s interpretation of the note, once NY 18 enforced its pledge of any membership interest in 25 LLC, the pledge termination condition could never be satisfied. Defendant has therefore rendered the pledge termination condition impossible to satisfy (see Cushman & Wakefield v Dollar Land Corp. [U. S.], 44 AD2d 445, 449 [1st Dept 1974], affd 36 NY2d 490 [1975]). Moreover, a party cannot “take advantage of a condition precedent, the performance of which he himself has rendered impossible” (Cushman & Wakefield, 44 AD2d at 449, quoting Stern v Gepo Realty Corp., 289 NY 274, 277 [1942]; see also Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y., 28 NY2d 101, 106 [1971]). Defendant’s argument, if accepted, would result in a windfall to him.
Defendant failed to establish that there are any legitimate issues of fact as to the amount actually owed under the note, and he is not entitled to any credit or offset.
We have considered the parties’ remaining arguments and *435 find them unavailing. Concur — Friedman, J.E, Richter, Feinman and Gische, JJ.

. The loan was originally between Nader & Sons, LLC and Namco for the amount of $7.5 million. In July 2008, the loan was amended and Sisko Enterprises, LLC became an additional lender, increasing the amount of the loan to $12.5 million.

. The final condition applies to claims that existed prior to the completion of the pledge termination condition.