*578 Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J), entered April 18, 2013, awarding plaintiffs the total sum of $180,225.57, and bringing up for review an order, same court and Justice, entered February 7, 2013, which, as limited by the briefs, granted plaintiffs’ cross motion for partial summary judgment on its causes of action for breach of contract, to the extent that it awarded rescission of the parties’ lease, and on its causes of action for return of the security deposit and advance rent payment, unanimously affirmed, with costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court did not misconstrue the facts in finding, inter alla, that the owner’s unanticipated renovation of the premises, including the removal of an existing kitchen and equipment, deprived plaintiff commercial tenant of its consideration and frustrated its purpose. Rescission was properly awarded because damages to allow the tenant to restore the premises would have been an insufficient remedy in light of the interminable renovations that continued to delay its ability to open for business. The limitation of remedy provision in paragraph 23 of the lease did not bar rescission pursuant to Real Property Law § 223-a, despite its “express language to the contrary” purporting to preserve the validity of the lease where the owner fails to timely deliver possession “for any reason,” because such a provision is limited to circumstances beyond the owner’s control and does not govern its intentional acts, such as the instant demolition and renovation (see Matter of Daval-Ogden, LLC v Highbridge House Ogden, LLC, 103 AD3d 422 [1st Dept 2013]). In view of the foregoing, it is unnecessary to consider whether the tenant also properly relied on Real Property Law § 227 and whether the protection under that statute was waived in the lease.
We agree with the owner that the tenant’s duty to submit final plans for its work was subject to a condition precedent, given that the tenant work could not commence “unless and until” the owner gave its final approval to such plans (see Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 771-772 [2012]). However, it is a “familiar” principle that a party may not rely on performance of a condition where that party has frustrated such performance (see Sibbald v Bethlehem Iron Co., 83 NY 378, 384 [1881]; Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 534 [2012]; Nader & Sons, LLC v Shavolian, 113 AD3d 432, 434 [1st Dept 2014]), and we find, on this record, that the owner’s continuing renovations prevented the tenant from submitting its final plans.
*579 Refund of the security deposit and advance rent were properly awarded pursuant to General Obligations Law § 7-103. Although the owner was not entitled to recovery, we note that any debts owed by the tenant could not be offset against such funds (see Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc., 68 AD3d 440, 441 [1st Dept 2009]).
We have considered defendant’s other contentions and find them unavailing. Concur — Renwick, J.E, Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ. [Prior Case History: 2013 NY Slip Op 30367OJ).]