■ HARRY LEVINE CORPORATION, Respondent, v. K. GIMBEL ACCESSORIES, INC., Appellant, and BAHO REALTY COMPANY et Ano., Defendants. K. GIMBEL ACCESSORIES, INC., Appellant, v. HARRY LEVINE CORP., Respondent, and WILLIAMS & CO., INC., et Ano., Defendants.— Order, Supreme Court, New York County, entered on June 8, 1971, insofar as it denied appellant's motion to dismiss the complaint as to it, unanimously reversed, on the law, without costs

and without disbursements, and the motion to dismiss the complaint as to defendant K. Gimbel Accessories, Inc., granted, with leave to plaintiff to apply to Special Term for leave to serve an amended complaint if so advised. (See CPLR 3211, subd. [e]; *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133.) Plaintiff's second cause of action is for damages based upon fraud. The complaint, in conclusory fashion, alleges a conspiracy between Gimbel and the other defendants to induce plaintiff to execute a lease on the false misrepresentation that the premises would be vacated 30 days prior to commencement of the lease. This complaint suffers generally from the infirmity which condemned the complaints in *Daukas* v. *Shearson, Hammill & Co.* (23 A D 2d 833) and in *Kramer* v. *Loeb, Rhoades & Co.* (20 A D 2d 634). The privilege of serving an amended pleading rests not only upon formal corrections in the deficient pleading, but also upon an evidentiary showing that the cause of action can be supported. (*Cushman & Wakefield* v. *John David, Inc.*, *supra*.) Concur — Stevens, P. J., Nunez, Lane and Capozzoli, JJ.; Kupferman, J., concurs in the following memorandum: While I concur in the result, it seems obvious that the second cause of action in the complaint by *Levine Corp.* v. *K. Gimbel Accessories*, (and others) is of a nature similar to the second cause of action in the complaint by *K. Gimbel Accessories* v. *Levine Corp.* (and others) in this now consolidated case. Although no motion has yet been made directed to the other second cause of action, we should not have piecemeal determinations.