■     HAL A. SALZMAN, Appellant-Respondent, v. BOWYER PRODUCTIONS, INC., et al., Respondents, and CHARLOTTE K. BELL, Respondent-Appellant.— Order, Supreme Court, New York County, entered on March 29, 1973, unanimously modified, on the law, so as to grant summary judgment in plaintiff's favor against defendants, and otherwise affirmed, without costs and without disbursements. We are unable to discern any ambiguity in the finance agreement between the parties referred to in the court below as requiring a trial to resolve intent. The agreement is clear and unambiguous and any attempt to vary its terms would violate the parol evidence rule. The agreement confirms the unconditional nature of the two negotiable promissory notes as being issued in return for loans made by plaintiff and payable on a specific date. Defendants' attempt to show an oral condition, to wit, that the notes were not to be paid if a film was completed by the due date, is entirely inconsistent with the clear provisions of the written agreement. Defendants would therefore be prevented from so doing by the parol evidence rule. (*Intercontinental Planning* v. *Daystrom, Inc.*, 24 N Y 2d 372, 379; *West, Weir & Bartel* v. *Carter Paint Co.*, 25 A D 2d 81, 86; *Cantor* v. *Loewe*, 22 A D 2d 668.) Nor would the showing of a general custom or usage within the moving picture industry with respect to contracts of this nature defeat summary judgment, for proof of general custom and usage may not be interposed to alter, vary or contradict clear and unambiguous contractual provisions. (*Albany Discount Corp.* v. *Basile*, 32 A D 2d 723; *Phoenix Ins. Co.* v. *Atlantic Natl. Ins. Co.*, 13 A D 2d 449.) Settle order on notice. Concur — Stevens, P. J., Markewich, Nunez, Lane and Tilzer, JJ.

■     BETTY A. ALEXANDER, Respondent, v. ROBERT ALEXANDER, Appellant.— Order, Supreme Court, New York County, entered on January 31, 1973, unanimously modified, on the law and the facts, to the extent of reducing the award of alimony to $90 per week, and, as so modified, the order is otherwise affirmed, without costs and without disbursements. On the present record, the award of temporary alimony was excessive to the extent indicated. Concur — Stevens, P. J., Markewich, Nunez, Lane and Tilzer, JJ.