■ ˙   ARMAND MARCUCILLI et al., Respondents, v ALICON CORP. et al., Appellants.—In an action to recover damages for conspiracy to destroy plaintiffs' business and for libel, (1) defendant Clairol, Inc., appeals from so much of an order of the Supreme Court, Westchester County, entered April 10, 1974, as, after dismissing the two causes of action in the amended complaint on stated grounds (on separate motions by defendants), (a) denied the motions insofar as they sought such relief on other grounds and (b) granted plaintiffs leave to serve an amended complaint; and (2) defendants Alicon Corp. and Agbay appeal from so much of the same order as granted plaintiffs said leave to replead. Order modified by deleting therefrom the provision which granted plaintiffs leave to serve an amended complaint. As so modified, order affirmed insofar as appealed from, with one bill of $20 costs and disbursements to appellants appearing separately and filing separate briefs. This amended complaint was served pursuant to leave of this court granted on an appeal by plaintiffs from so much of a prior order as dismissed the original complaint for failure to state a cause of action (*Marcucilli v Alicon Corp.,* 41 AD2d 932). In their papers opposing the motions under review plaintiffs failed to request leave to replead and it does not appear that there is good ground to support plaintiffs' causes of action. Under these circumstances, it was error for Special Term to grant leave to serve a second amended complaint (CPLR 3211, subd [e]; *Souveran Fabrics Corp. v Virginia Fibre Corp.,* 37 AD2d 925; *Harry Levine Corp. v Gimbel Accessories,* 41 AD2d 637). Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Munder, JJ., concur.

■   EDWARD MCCONNON et al., Appellants, v THERESA J. CATALANO et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered December 27, 1973, in favor of defendants, upon a jury verdict, after trial on the issue of liability only. Judgment affirmed, with costs. No opinion. Rabin, Acting P. J., Hopkins, Cohalan and Munder, JJ., concur; Martuscello, J., dissents and votes to reverse and grant a new trial, with the following memorandum: Reversible error was committed when the trial court, in charging the jury on the applicability of a traffic statute, said, "I have read this statute to you not because I have determined as a matter of law that it is applicable to this case, but to apprise you what the law is in the event you decide that the facts in this case bring it within the scope of the statute. In other words, this statute sets up a criterion of conduct to which a reasonable person is required to conform. If you find that the statute was applicable to the factual situation at the time of this accident, then you must accept the statutory test". The applicability of the statute is a judicial determination and not a question for the jury *(Petru v Hertz Corp.,* 33 AD2d 755). In the circumstances of this case, such an instruction was so highly prejudicial that, although no objection was made, the interests of justice mandate reversal. I also note that the court's instruction on contributory negligence may have confused the jury as to the standards to be applied, although, again, no specific objection was made. The instruction did not distinguish between a finding of negligence measured against the standard of the conduct of a reasonable man in similar circumstances, which is not a measure of percentage degrees of perfection, with negligence "no matter how slight" contributing to the accident.