774

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIFE SCIENCE CHURCH et al., Appellants. — Appeal from the order of the Supreme Court, New York County (S. Schwartz, J.), entered on or about April 27, 1982, is dismissed as superseded by the appeal from the judgment of July 16, 1982. Appeal from order of the Supreme Court, New York County (S. Schwartz, J.), entered on or about April 22, 1982, is dismissed as superseded by the appeal from the judgment of July 16, 1982. Appeal from the judgment of the Supreme Court, New York County (S. Schwartz, J.), dated June 2, 1982, is dismissed as superseded by the appeal from the judgment of July 16, 1982. Judgment of the Supreme Court, New York County (S. Schwartz, J.), entered on July 16, 1982, is modified, on the law and the facts, to the extent of striking the sixth decretal paragraph as relating to the fines imposed for civil contempt against the individual respondents, and otherwise affirmed, without costs or disbursements. An examination of the record fails to reveal any evidence demonstrating that the individual respondents disobeyed the order of the Supreme Court, New York County (Cohn, J.), entered on August 12, 1980, in which respondents were enjoined from engaging in certain specified acts. Investigator Segarra, who testified regarding the violation of the order in question, stated that while he attended a seminar conducted by respondent Life Science Church after the preliminary injunction had been issued, he did not know any of the individual respondents and could not recognize any of them as having been present. Thus, the trial court should have limited the finding of civil contempt to the Life Science Church. Concur — Murphy, P. J., Sullivan, Silverman, Lynch and Milonas, JJ.

■ LESTER RASKIN et al., Respondents, v NASSAU INSURANCE Co. et al., Defendants, and AVON EXCESS, LTD., Appellant. — Order, Supreme Court, New York County (Klein, J.), entered August 31, 1981 denying defendant Avon's motion to dismiss the complaint, unanimously reversed, on the law, with costs and disbursements, and the motion granted with leave to plaintiffs to apply at Special Term for permission to serve an amended complaint. Plaintiffs, a professional corporation engaged in the practice of law and one of its officer attorneys, sue for a declaration that defendants, ostensibly its professional liability insurers, are obligated to defend and indemnify with respect to a malpractice action instituted against them by a former client. The complaint fails, however, for reasons we suspect are not inadvertent, to allege that movant Avon ever issued a policy or had any obligation to do so. The only allegation against Avon is that it is "authorized to engage in and maintain an insurance business in the State of New York", hardly a basis for the imposition of liability. It appears from our perusal of the record that Avon was, at most, an excess line broker, not an insurer. In any event dismissal is required for failure to state a cause of action since the only liability sought to be imposed against Avon is as an insurer. Our dismissal, however, is without prejudice to an application for leave to serve an amended complaint, upon a showing of merit with respect to any cause of action proposed to be asserted against Avon (see *Levine Corp. v Gimbel Accessories,* 41 AD2d 637; *East Asiatic Co. v Corash,* 34 AD2d 432), either as an insurer or broker. Concur — Murphy, P. J., Sullivan, Carro, Milonas and Alexander, JJ.