■ LESTER RASKIN et al., Respondents, v NASSAU INSURANCE Co. et al., Defendants, and AVON EXCESS, LTD., Appellant. — Order, Supreme Court, New York County (Grossman, J.), entered October 6, 1983, granting plaintiffs' motion for leave to serve a supplemental summons and amended complaint, unanimously reversed, on the law, with costs, and the motion is denied.

This is an action by plaintiffs, a professional corporation engaged in the practice of law and one of its officer attorneys, for a declaration that defendants, allegedly their professional liability insurers, are obligated to defend and indemnify with respect to a malpractice action instituted against them by a former client.

In dismissing a previous complaint seeking similar relief, this court noted with respect to the defendant Avon Excess, Ltd. (Avon) that the complaint failed to allege that Avon "ever issued a policy or had any obligation to do so" and that it appeared that Avon was, at most, "an excess line broker, not an insurer." (See *Raskin v Nassau Ins. Co.,* 93 AD2d 774.) Accordingly, this court dismissed the complaint without prejudice to an application for leave to serve an amended complaint "upon a showing of merit".

We perceive no such showing of merit in plaintiffs' papers seeking leave to serve a supplemental summons and amended complaint. It is true that the complaint does add the general allegation that Avon issued a policy of insurance. But the policy

annexed to the complaint in purported support of its allegation, the same policy that was annexed to the dismissed complaint, fails to establish that Avon issued the policy or in any way assumed any obligation to the plaintiffs with respect to it. In the absence of anything in the motion papers setting forth a colorable basis for the claim against Avon, the motion for leave to serve an amended complaint should have been denied. Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Ross, JJ.