■ LESTER MORSE COMPANY, INC., Appellant, v 3 HANOVER SQUARE OWNERS CORP., Respondent.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered June 14, 1989, which denied plaintiff-appellant's motion for summary judgment, unanimously reversed, on the law, and the motion granted, without costs.

The terms of the letter agreement between the parties are clear and unambiguous, and Supreme Court erred in ordering a trial to determine whether payment of plaintiff-appellant's brokerage commission was contingent upon a condition not referred to in the written agreement.

Plaintiff-appellant was retained by defendant-respondent's board of directors as an exclusive broker to obtain a $10 million mortgage commitment. Appellant's commission was

payable "at the earlier of the expiration of the commitment or the closing." Respondent's board of directors determined that an attempt should be made to refinance three existing mortgages on the cooperative apartment building at a time of declining interest rates. However, the first mortgage on the building, held by Goldome Bank, could not be prepaid until 1990. Respondent's board members discussed the possibility of prepayment with Goldome, but were orally advised in the fall of 1986 that Goldome would not allow prepayment with funds obtained from any lender other than Goldome.

Nevertheless, respondent entered into a 70-day exclusive brokerage agreement with appellant on December 12, 1986. That agreement is completely silent regarding the Goldome mortgage and nowhere does it indicate that payment of appellant's commission would be contingent upon Goldome's acquiescence to prepayment of its mortgage. Appellant, therefore, earned its brokerage commission when it obtained a commitment letter from Morgan Guaranty Trust Co. of New York that met all the terms and conditions which respondent had stipulated in its agreement with appellant. The fact that respondent ultimately derived no benefit from the commitment obtained by appellant does not relieve respondent of the obligation to pay for the contractual service rendered. It is long settled that: "[W]here a broker is employed to find a purchaser for real estate, and procures one ready, able and willing to pay, he is entitled to his commissions although the sale is prevented by defects in the vendor's title. * * * We perceive no distinction in principal between such a case and one where a broker agrees to procure a loan and completes on his part, but the loan is never consummated because the intending borrower cannot furnish the agreed security. In both cases the broker has done all that he could. He has rendered the stipulated service and it is through no fault of his that the matter is never completed." *(Smith v Peyrot,* 201 NY 210, 214 [1911].)

It is equally well settled that parol evidence is not admissible to vary the terms of a clear and unambiguous agreement *(Chimart Assocs. v Paul,* 66 NY2d 570, 572-573 [1986]; *Teitelbaum Holdings v Gold,* 48 NY2d 51, 56 [1979]; *Patco Homes v Rochetti,* 135 AD2d 799, 800 [2d Dept 1987]; *Salzman v Bowyer Prods.,* 42 AD2d 531 [1st Dept 1973]). Given the record herein, appellant was entitled to summary judgment and we therefore reverse the order appealed from. Concur—Kupferman, J. P., Carro, Asch, Rosenberger and Smith, JJ.