■ ELAINE E. SEEDS, Appellant-Respondent, v DANIEL W. SEEDS et al., Defendants, and APPLE SAVINGS BANK, Respondent-Appellant.—In an action, inter alia, to recover damages

for fraud, conspiracy and negligence, (1) the plaintiff appeals as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Coppola, J.), entered April 8, 1988, as is in favor of the defendant Apple Savings Bank, as successor in interest to Eastern Savings Bank, and against her, and (2) the defendant Apple Savings Bank cross-appeals, as limited by its brief, from so much of the same judgment as denied its request for an award of reasonable attorney's fees. The plaintiff's notice of appeal from an order of the same court dated February 24, 1988, and the notice of cross appeal by the defendant Apple Savings Bank from the same order are deemed premature notices of appeal and cross appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs to the defendant Apple Savings Bank.

The complaint asserted causes of action sounding in fraud, conspiracy, and negligence against the defendant Apple Savings Bank, as successor in interest to Eastern Savings Bank. The plaintiff alleged that when defendants Daniel W. Seeds and Nancy H. Seeds made their mortgage loan application to Eastern Savings Bank in order to buy a condominium, it failed to verify the statements made by Daniel H. Seeds as to his alimony obligations to the plaintiff, his former wife, and that if it had undertaken such verification it would have discovered that Daniel W. Seeds' alimony obligation to the plaintiff was $375 per week, and not $833 per month as he stated in the mortgage loan application. The plaintiff further alleged that by failing to make the verification and by approving the mortgage loan for Daniel W. Seeds and his current wife, Nancy Seeds, as tenants by the entirety, it participated in a "common scheme" and "conspiracy" to defraud the plaintiff of her alimony rights, by placing beyond her reach at least $45,000 of Daniel W. Seeds' assets which could have been used to satisfy any judgment obtained against him for arrears in alimony payments.

We hold that the Supreme Court properly dismissed the complaint insofar as it asserted against the Apple Savings Bank. The factual allegations in the complaint do not indicate that its predecessor in interest, the Eastern Savings Bank, by any of its officers or employees, made a misrepresentation of fact (see, Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403; Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461), or that there was a confidential or fiduciary relationship between the plaintiff and the Eastern Savings Bank which imposed upon it a duty to disclose the

statements made by Daniel W. and Nancy Seeds in their mortgage application *(see, County of Westchester v Becket Assocs.,* 102 AD2d 34, 50, *affd* 66 NY2d 642). The court therefore properly dismissed the first and third causes of action sounding in fraud insofar as they are asserted against the Apple Savings Bank.

The second cause of action was also properly dismissed insofar as it is asserted against the Apple Savings Bank, because it purportedly was to recover damages for civil conspiracy, which is not a legally cognizable cause of action in this State *(see, Weisman v Mertz,* 128 AD2d 609; *Chiaramonte v Boxer,* 122 AD2d 13).

The court also properly dismissed the fourth cause of action against the Apple Savings Bank purporting to seek recovery of damages for negligence. The facts and the allegations in the complaint do not show that the Apple Savings Bank or its predecessor in interest owed the plaintiff any duty whatsoever *(see, Strauss v Belle Realty Co.,* 65 NY2d 399; *Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *Purdy v Public Adm'r of County of Westchester,* 127 AD2d 285, *affd* 72 NY2d 1).

The plaintiff's contention that the court should have granted her leave to serve an amended complaint is without merit. She did request leave to serve an amended complaint *(see, Marcucilli v Alicon Corp.,* 48 AD2d 703), but leave was properly denied owing to the absence of any showing of a valid theory upon which to replead.

With respect to the cross appeal, we find no basis to award attorney's fees under the circumstances of this case. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.