■ NAB CONSTRUCTION CORP., Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Acting by NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered on March 2, 1990, which denied plaintiff's motion pursuant to CPLR 3025 (b) for leave to serve a second amended complaint and petition, unanimously affirmed, with costs.

Although, as plaintiff correctly notes, CPLR 3025 (b) provides that leave to amend a complaint shall be freely granted

*(Edenwald Contr. Co. v City of New York,* 60 NY2d 957), nevertheless, this court has held that leave to amend a complaint is not granted upon mere request without a proper showing. Rather, in determining whether to grant leave to amend, a court must examine the underlying merit of the causes of action asserted therein, since, to do otherwise would be wasteful of judicial resources. *(Brennan v City of New York,* 99 AD2d 445; *East Asiatic Co. v Corash,* 34 AD2d 432.)

With this in mind, we find that the IAS court did not abuse its discretion in denying plaintiff's proposed amendment as legally insufficient. On a prior appeal *(NAB Constr. Corp. v Metropolitan Transp. Auth.,* 148 AD2d 1020, *lv dismissed* 74 NY2d 841), this court rejected the cause of action now sought to be added, seeking a declaratory judgment that the alternate dispute resolution procedure in the parties' contract was invalid and against public policy under the New York Court of Appeals decision in *Crimmins Contr. Co. v City of New York* (74 NY2d 166). We perceive no basis for reexamining our prior determination. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.