■ NAB CONSTRUCTION CORP., Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Acting by NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered July 24, 1991, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

The parties' contract provides for resolution of disputes by defendant's Chief Engineer, whose determinations could be reviewed in a CPLR article 78 proceeding "limited to the question of whether or not the Engineer's determination is arbitrary, capricious or so grossly erroneous to evidence bad faith." Challenging a determination of the Chief Engineer that it took advantage of defendant's contract errors by utilizing unbalanced bids, plaintiff argues that the Engineer's determination should be judicially reviewed not under the arbitrary, capricious or so grossly erroneous standard of the contract, but under the standard set forth in CPLR 7803 (3), *i.e.,* whether the determination, is affected by an "error of law". We disagree.

The parties were free to agree to an alternate dispute resolution procedure *(see, e.g., Tufano Contr. Corp. v Port of N. Y. Auth.,* 18 AD2d 1001, *affd* 13 NY2d 848). The agreement here is clear on its face and, indeed, has been previously found by this court not to be against public policy and otherwise valid *(NAB Constr. Corp. v Metropolitan Transp. Auth.,* 167 AD2d 301). Upon review of the record, we find that the

determination that plaintiff improperly took advantage of defendant's errors by utilizing unbalanced bids to procure the contract at an artificially low price is based on a rational view of the evidence. And, under the standard of review selected, it cannot avail plaintiff to argue that the Chief Engineer misapplied and misinterpreted the contract; said assertions, even if true, are not valid grounds here to challenge the Chief Engineer's determination (see, Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578; Maross Constr. v Central N. Y. Regional Transp. Auth., 66 NY2d 341).

We have considered plaintiff's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Kupferman and Kassal, JJ.