■ Bronx Store Equipment Co., Inc., Doing Business as Bronx Builders, Appellant-Respondent, v Westbury Brooklyn Associates, L.P., et al., Respondents-Appellants, and Sheldon Fireman et al., Respondents. [721 NYS2d 28] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 3, 1999, which, in an action by plaintiff to recover for constructing and equipping a restaurant, on defendants' motion, pursuant to CPLR 3211 (a) (1), (5) and (7), to dismiss the complaint, except for the first, second and fifth causes of action as against defendant Westbury Brooklyn Associates, L.P. (Westbury Brooklyn), and plaintiff's cross motion for leave to amend the complaint to add an additional defendant on the ninth cause of action, granted the motion to dismiss to the extent of dismissing the first, second, third, fifth, seventh and eighth causes of action in their entirety as against the individual defendants, dismissing the fourth, sixth and ninth causes of action in their entirety as against all defendants, and dismissing the seventh cause of action solely to the extent based on alleged fraud as against defendant Café Concepts, Inc. (Café Concepts), otherwise denied the motion to dismiss, and denied the cross motion for leave to amend the complaint, unanimously modified, on the law, to grant the motion to dismiss as to the first, second and third causes of action as against defendants Westbury Brooklyn and Brooklyn Diner Westbury Associates, L. L. P., and otherwise affirmed, without costs.

The motion court correctly dismissed all causes of action to the extent they purported to assert fraud claims against any defendants on the ground that such purported fraud claims simply duplicated plaintiff's contract claims; a contract action may not be converted into one for fraud by the mere additional allegation that the contracting party did not intend to meet its contractual obligation (*DePinto v Ashley Scott, Inc.*, 222 AD2d 288). The motion court also correctly dismissed all claims against the individual defendants, who were shareholders, officers or employees of defendants Westbury Brooklyn and Café Concepts, since, *inter alia*, the relevant writings, on their face, purport to bind the entities only, and any claim that an individual orally agreed to guarantee the entities' obligations is

barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [2]). Although Westbury Brooklyn was incorrectly named in the original agreement engaging plaintiff to perform the work, plaintiff has admitted in its complaint and opposition affidavit the identity of the party with which it contracted.

We modify to dismiss as against Westbury Brooklyn the first, second and third causes of action, all based on the original September 1997 agreement between plaintiff and Westbury Brooklyn, on the ground that plaintiff's claims against Westbury Brooklyn thereunder were discharged by the parties' subsequent July 1998 letter agreement that expressly "supercede[d] *[sic]* any previously agreed to terms and conditions related to the cost" of the project (*see, Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 384; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 293; *Sheehy v Andreotti*, 199 AD2d 148, 150). We affirm the motion court's denial of the motion to dismiss as to the seventh cause of action insofar as based on alleged breach of contract by Café Concepts, in that the August 1998 letter to plaintiff from Café Concepts, an entity related to Westbury Brooklyn, stating that "[w]e acknowledge that we owe you a balance of $300,000," is susceptible to interpretation as an assumption by Café Concepts of Westbury Brooklyn's obligations under the July 1998 letter agreement. The motion to dismiss was also correctly denied as to the eighth cause of action, for alleged diversion of Lien Law trust funds, since the amount of trust funds that existed is an issue of fact that cannot be determined on a motion addressed to the pleadings.

Finally, plaintiff's ninth cause of action, for unjust enrichment, was correctly dismissed on the ground that the parties' rights and obligations are defined by valid and enforceable written agreements (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388). In view of the legal insufficiency of the unjust enrichment cause of action, the denial of the cross motion for leave to amend the complaint to name an additional defendant on that claim was also correct. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Friedman, JJ.