■ PC WARE INTERNATIONAL, INC., Respondent, v JINMA COMPUTER CO., INC., Defendant, and MINI-MICRO SUPPLY, INC. (NEW YORK), Appellant. [750 NYS2d 287] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered May 14, 2001, after a nonjury trial, which, to the extent appealed from as limited by the brief, entitled plaintiff to recover the total sum of $100,275.16 from defendant Mini-Micro Supply, Inc. (New York) (MM-NY), unanimously affirmed, with costs.

Defendant Jinma Computer Co. purchased and took delivery of, but did not pay for, computer components sold to it by plaintiff. Jinma, thereafter, in severe financial distress, entered into a use and occupancy agreement with Mini-Micro Supply, Inc. (New Jersey) (MM-NJ), pursuant to which MM-NJ took over Jinma's commercial lease on premises in Flushing, New York as well as Jinma's staff and business operations at that

location, and agreed, in exchange, to fully discharge Jinma's existing debts for goods received. Subsequent to this agreement, MM-NJ's principal directed his counsel to incorporate defendant MM-NY, which entity, controlled by MM-NJ's principals, then occupied Jinma's Flushing premises without a sublease, took over Jinma's business operations there and paid the attendant ongoing business costs. Under these circumstances, the trial court properly found that MM-NY was liable under the use and occupancy agreement, since, although not a party thereto, MM-NY, by its conduct, affirmatively assumed MM-NJ's rights and obligations thereunder (*see Bronx Store Equip. Co. v Westbury Brooklyn Assoc.*, 280 AD2d 352, 353; *cf. Aces Mech. Corp. v Cohen Bros. Realty & Constr. Corp.*, 136 AD2d 503), and among the obligations assumed by MM-NY was that of "fully discharging obligations of Jinma under any existing agreements, binding arrangements, or otherwise for the provision of goods or services related solely to the operation of the computer distributorship." Although it is plain that this obligation encompasses payment of Jinma's debts to third parties, among them plaintiff, for computer components delivered to Jinma (*cf. Cole v Metropolitan Life Ins. Co.*, 273 AD2d 832), MM-NY maintains that the agreement affords it unfettered discretion not to pay those obligations of Jinma that it, MM-NY, deems unnecessary to the future operation of the computer distributorship. However, having reaped substantial benefits under the use and occupancy agreement, MM-NY may not now rely upon a reading of the agreement that would effectively render it unenforceable for want of consideration.

We have examined MM-NY's remaining arguments and find them unavailing. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.