■ GOLUB ASSOCIATES INCORPORATED, Appellant, v LINCOLNSHIRE MANAGEMENT, INC., et al., Respondents. [767 NYS2d 571]—

Judgment, Supreme Court, New York County (Charles Ramos, J.), entered May 30, 2003, which dismissed the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 25, 2003, which granted defendant's pre-answer motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff alleges that it was prevented from participating in the acquisition of defendant Nexcycle. Specifically, it contends that its commitment letter was improperly rejected, in breach of the underlying leveraged buyout proposal (the agreement). The complaint and plaintiff's own evidentiary submissions demonstrate that its commitment letters failed to conform to the unambiguous terms of the agreement in material respects, and plaintiff cannot invoke the purported custom and practice of the industry to excuse the deviation (*see Chimart Assoc. v Paul*, 66 NY2d 570, 572-573 [1986]; *Lester Morse Co. v 3 Hanover Sq. Owners Corp.*, 156 AD2d 229, 230 [1989]; *Salzman v Bowyer Prods.*, 42 AD2d 531 [1973]). Defendants' submissions were properly considered on the motion since they clearly establish that defendants did not agree to the modifications alleged by plaintiff (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Acquista v New York Life Ins. Co.*, 285 AD2d 73, 76 [2001]). Thus, defendants were relieved of their obligation to perform (*see e.g. Special Situations Fund III v Versus Tech.*, 227 AD2d 321 [1996], *lv denied* 88 NY2d 815 [1996]), and the cause of action for breach of contract was properly dismissed. Defendants were entitled to enforce the terms of the agreement; the implied covenant of good faith and fair dealing may not be construed to nullify existing contractual provisions or contrive novel contract rights (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]; *Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268 [2003]). Nor is a claim predicated on unjust enrichment cognizable where the parties' rights and obligations are governed by a valid and enforceable contract (*see*

*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]; *DePinto v Ashley Scott, Inc.*, 222 AD2d 288, 289 [1995]). Likewise, "a contract action may not be converted into one for fraud by the mere additional allegation that the contracting party did not intend to meet its contractual obligation" (*Bronx Store Equip. Co. v Westbury Brooklyn Assoc.*, 280 AD2d 352, 352 [2001]; *see McMahan & Co. v Bass*, 250 AD2d 460, 463 [1998], *lv denied and dismissed* 92 NY2d 1013 [1998]; *Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1988]). Finally, plaintiff has pleaded "nothing that demonstrates an intent to enter into anything other than a simple contractual relationship" (*Zeising v Kelly*, 152 F Supp 2d 335, 348 [SD NY 2001]) that never materialized, obviating any claim for breach of fiduciary duty (*cf. Precision Testing Labs., Ltd. v Kenyon Corp. of Am.*, 644 F Supp 1327, 1342-1343 [SD NY 1986] [oral joint venture]). Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.