■ In the Matter of KISKA CONSTRUCTION CORP.-USA, Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Respondents. [769 NYS2d 882]—

Order and judgment (one paper), Supreme Court, New York County (Faviola Soto, J.), entered November 12, 2002, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to set aside a determination of the Triborough Bridge and Tunnel Authority (TBTA) arbiter, dated May 6, 2002, respecting the parties' obligations pursuant to a bridge construction contract, unanimously affirmed, without costs.

Pursuant to the governing contract, a determination by the

TBTA arbiter respecting the parties' obligations thereunder may only be judicially disturbed if it is arbitrary and capricious or without rational basis (*see NAB Constr. Corp. v Metropolitan Transp. Auth.*, 180 AD2d 436 [1992]). Inasmuch as the arbiter's determination is rationally supported by the contract terms, the petition to set it aside was properly denied. Even if our scope of review were not so limited, petitioner's reliance upon evidence of industry custom and practice would be unavailing to excuse it from its clear contractual undertaking to clean and shop prime the subject bolts prior to installation (*see Golub Assoc. v Lincolnshire Mgt.*, 1 AD3d 237 [2003]; *Hart v Cort*, 165 App Div 583 [1914]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.