TRADEWINDS FINANCIAL CORPORATION et al., Appellants-Respondents, v REPCO SECURITIES, INC., et al., Respondents-Appellants. [773 NYS2d 395]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered September 18, 2003, which granted defendants' motion for summary judgment insofar as to dismiss the causes of action for breach of an oral agreement, fraud, negligent misrepresentation, breach of fiduciary duty, negligent valuation of collateral, and unjust enrichment, and denied plaintiffs' cross motion for summary judgment on their causes of action for breach of written agreements, breach of fiduciary duty and negligent valuation, unanimously affirmed, with costs.

While the issue, whether revised Uniform Commercial Code § 8-113 rendered the statute of frauds inapplicable to the alleged oral agreement to extend financing for the purchase of securities for a particular period, was not raised before the motion court, it presents a question of law that may be raised for the first time at this juncture (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209-210 [1996]). We conclude that the statutory revision, which was intended to bring the law into step with the prevailing mechanics of discrete securities

transfers, was not intended to apply to the claimed financing agreement at issue here (*see* 2C ULA, Uniform Commercial Code Revised Article 8, Notes on Scope of Article 8, 2003 Pocket Part, at 80-81).

The alleged oral agreement was barred by the statute of frauds (General Obligations Law § 5-701). There was absolutely no possibility that it could be performed within a year (*see Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]); plaintiffs' assertion that there was an option to cancel in exchange for payment of a penalty is, inter alia, unsupported by the record. The documents relied upon by plaintiffs could not be cobbled together as a writing sufficient to satisfy the statute, since material terms were missing (*see Kobre v Instrument Sys. Corp.*, 54 AD2d 625, 626 [1976], *affd* 43 NY2d 862 [1978]; *see also Adiel v Lincoln Plaza Assoc.*, 254 AD2d 5 [1998]). Nor could the agreement be salvaged by the claimed part performance (*see Stephen Pevner, Inc. v Ensler*, 309 AD2d 722 [2003]), which, in any event, was not unequivocally referable to the claimed agreement (*see Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]). In view of the foregoing, it is unnecessary to address the other arguments regarding the enforceability of the alleged oral agreement.

The tort claims were properly dismissed as duplicative of the contract claims (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 305 [2003]; *River Glen Assoc. v Merrill Lynch Credit Corp.*, 295 AD2d 274, 275 [2002]; *Shilkoff, Inc. v 885 Third Ave. Corp.*, 299 AD2d 253 [2002]). In addition, the fiduciary breach and negligent misrepresentation causes of action were not viable in the absence of a fiduciary or confidential relationship between the parties (*see Sidamonidze v Kay*, 304 AD2d 415 [2003]); the relationship here, involving nondiscretionary securities accounts, was, as expressly provided in the governing documents, at arm's length (*see Fesseha v TD Waterhouse Inv. Servs.*, 305 AD2d 268 [2003]). In light of our determination that the tort claims were properly dismissed for these several reasons, we do not address defendants' other arguments.

The cause of action seeking to recover, on the theory of unjust enrichment, the profits that defendants made upon reselling plaintiffs' securities was barred by the limitation of damages provision in the terms and conditions for confirmation, as well as by the existence of a valid contract (*see Golub Assoc. v Lincolnshire Mgt.*, 1 AD3d 237 [2003]), albeit one whose terms were in dispute.

Although defendants had the discretion to call in their margin loan to plaintiffs at any time reasonably necessary for their protection, this discretion was not unfettered since it remained

subject to the implied duty of good faith (see *Richbell Info. Servs.*, 309 AD2d at 302-303). Our review of the record discloses that the motion court properly found issues of fact as to defendants' good faith and the reasonableness of their conduct. This is especially so with respect to defendants' margin call.

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Saxe and Sullivan, JJ.