■ NORMAN GOLDSTEIN, Respondent-Appellant, v CIBC WORLD MARKETS CORP. et al., Appellants-Respondents, et al., Defendant. [776 NYS2d 12]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 23, 2003, which granted the motion of defendants CIBC and Emmerich to dismiss the claim for unjust enrichment for failure to state a cause of action, but denied dismissal of the claims for fraud and breach of contract (the latter challenged on the additional ground of documentary evidence) against them, unanimously modified, on the law, the cause of action for fraud dismissed, and otherwise affirmed, without costs.

Documentary evidence submitted by defendants, as well as plaintiff's own affidavit, indicates that Tassinari, an employee of defendant Tasin, was the actual borrower from plaintiff's decedent, and that appellants never entered into any contract with the decedent. However, these submissions do not conclusively establish such facts as a matter of law (*see Leon v*

*Martinez,* 84 NY2d 83, 87-88 [1994]). Nor do the motion papers conclusively establish that CIBC acted as a guarantor, which would render the alleged oral agreement unenforceable under the statute of frauds (General Obligations Law § 5-701 [a] [2]; *Parma Tile Mosaic & Marble Co. v Estate of Short,* 87 NY2d 524, 527 [1996]).

Notwithstanding plaintiff's allegations, usury must be proven by clear and convincing evidence as to all its elements, and will not be presumed. Violations must be strictly construed within the plain meaning of the usury statute (*see Freitas v Geddes Sav. & Loan Assn.,* 63 NY2d 254, 261 [1984]). At this early stage of the litigation, facts may yet be developed that estop appellants from asserting a usury defense. However, there is no evidence that this transaction, denominated a "loan" in the complaint, was in fact a joint venture (*see Andrews v Cerberus Partners,* 271 AD2d 348 [2000]; *Baytree Assoc. v Forster,* 240 AD2d 305, 306 [1997], *lv denied* 90 NY2d 810 [1997]). It has also not been conclusively established that the alleged transaction was an illegal "free-riding" scheme (*see generally United States v Smith,* 727 F2d 214, 215 [2d Cir 1984]; *United States v Reed,* 639 F2d 896, 899-900 [2d Cir 1981]).

A claim for unjust enrichment, or quasi contract, may not be maintained where a contract exists between the parties covering the same subject matter (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388 [1987]). Here, plaintiff's claim is "indistinguishable from the breach of contract claim" (*Andrews v Cerberus Partners, supra*).

The fraud claim alleges no more than defendants' entry into a contract that they did not intend to honor (*Bronx Store Equip. Co. v Westbury Brooklyn Assoc.,* 280 AD2d 352 [2001]). Also, plaintiff has failed to allege facts with sufficient specificity from which either intent or reasonable reliance might be inferred (*see* CPLR 3016 [b]; *Megaris Furs v Gimbel Bros.,* 172 AD2d 209, 212-213 [1991]; *National Westminster Bank USA v Weksel,* 124 AD2d 144, 149-150 [1987]).

Plaintiff's assertion that Tasin owed CIBC "a substantial amount of money" at the time of the alleged transaction, which CIBC failed to mention, does not allege facts from which fraud might be inferred, as plaintiff has not alleged any relationship with CIBC from which a duty to speak would arise. Although plaintiff points to appellants' acknowledgment in the record that the decedent might have signed an agreement with CIBC, plaintiff does not even acknowledge the existence of such an agreement, let alone plead it as the basis of a fiduciary relationship. Furthermore, this contract was unrelated to the instant

transaction, and involved CIBC merely as a clearing firm for another broker in a transaction involving the decedent. "It is well-established that a clearing firm . . . does not have a fiduciary relationship with the customers . . . of the introducing broker with which it has contracted to perform clearing services" (*Connolly v Havens,* 763 F Supp 6, 10 [SD NY 1991]). Even if the above facts created a sufficient allegation of a fiduciary relationship, defendants' submissions establish that at the time of the alleged transaction, Tasin had far more money in its personal account than was necessary to pay any amount allegedly owed to CIBC. As such, any failure to disclose this alleged debt to CIBC could not, as a matter of law, have been material. Nor has plaintiff sufficiently alleged any reasonable reliance on this immaterial fact.

Given the dismissal of plaintiff's fraud claim, there is no basis for punitive damages. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.