■ SECCO ELECTRIC CORPORATION, Appellant, v PETER S. KALIKOW, as Chairman of the State of New York Metropolitan Transportation Authority, et al., Respondents. [787 NYS2d 260]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about August 14, 2003, which denied petitioner's application to annul respondents' determination denying petitioner's claim for additional costs allegedly incurred in performing a construction contract with the Transit Authority, and allegedly caused by the latter's refusal to provide petitioner access to tunnel tracks as specified in the contract, and dismissed the petition, unanimously affirmed, without costs.

Petitioner's argument that the Arbiter misinterpreted the contract by preferring general disclaimers over conflicting specific terms raises an issue of law beyond the scope of the contractually limited standard of review, namely, a CPLR article 78 proceeding "limited to the question of whether or not the Arbiter's determination is arbitrary, capricious or lacks a rational basis" (*see NAB Constr. Corp. v Metropolitan Transp. Auth.*, 180 AD2d 436 [1992]). In any event, the Arbiter did not violate basic rules of contract interpretation or reach the wrong legal conclusion. The contract specifications clearly put petitioner on notice that the Transit Authority's priority was the normal operation of the railroad, and that time intervals during which petitioner could request diversions of train service in order to perform the contract work were approximate and subject to change. These contract specifications do not conflict, as petitioner contends, with the general no-damages-for-delay provisions set forth elsewhere in the contract, which merely formalize the risk between the contracting parties by placing the bulk of the economic exposure on the contractor. We have considered and rejected petitioner's other arguments. Concur— Tom, J.P., Mazzarelli, Saxe, Sullivan and Friedman, JJ.