■ Michael Wong et al., Appellants, v Adam S. Gottbetter et al., Respondents, et al., Defendants. [795 NYS2d 265]—In an action, inter alia, to recover damages for fraud, negligent misrep-

resentation, and breach of the covenant of good faith and fair dealing, the plaintiffs appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 15, 2003, which, among other things, granted the motion of the defendants Adam S. Gottbetter and Kaplan, Gottbetter & Levensen, LLP, for leave to renew and, upon renewal, granted, inter alia, the motion of those defendants for summary judgment dismissing the third, fourth, and fifth causes of action insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs seek to recover more than $700,000 they lost in an investment in Homeboy Corporation (hereinafter Homeboy), an entity for which the defendants Adam S. Gottbetter and Kaplan, Gottbetter & Levensen, LLP (hereinafter the defendants), served as legal counsel. In their motion for leave to renew, the defendants established their entitlement to judgment as a matter of law on the third cause of action asserting fraud, the fourth cause of action asserting negligent misrepresentation, and the fifth cause of action asserting a breach of the covenant of good faith and fair dealing. After the defendants' original motion for summary judgment was denied, the plaintiffs' statement in reply to a "request for admission" admitted that they had no contractual relationship with the defendants and that the defendants did not make any representations to them upon which they had relied. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]), with respect to fraud (*see Channel Master Corp. v Aluminium Ltd. Sales,* 5 AD2d 715 [1957]; *Rosenbaum v Boulder Ridge Homeowners Assn.,* 283 AD2d 477 [2001]; *Seeds v Seeds,* 157 AD2d 654 [1990]), negligent misrepresentation (*see Grammar v Turits,* 271 AD2d 644 [2000]), or a breach of the covenant of good faith and fair dealing (*see Fesseha v TD Waterhouse Inv. Servs.,* 305 AD2d 268 [2003]; *Golub Assoc. v Lincolnshire Mgt.,* 1 AD3d 237 [2003]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.