■ Karen Volovar, Appellant, v Catholic Health System of Long Island, Inc., et al., Respondents. [872 NYS2d 198]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), entered May 30, 2007, as granted those branches of the separate motions of the defendants Pediatric Cardiology of Long Island, P.C., and Milton J. Reitman, and the defendants Catholic Health System of Long Island, Inc., St. Francis Hospital, Paul S. Damus, M.D., P.C., and Paul S. Damus, which were for summary judgment dismissing the 5th and 6th causes of action to recover damages for negligent misrepresentation, and the 9th, 10th, 11th, and 12th causes of action to recover damages for negligence per se.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff's decedent, Karl Volovar, who suffered from a congenital heart malformation, was admitted to the defendant St. Francis Hospital (hereinafter the hospital) on March 31, 2000, for treatment of congestive heart failure. After his condition stabilized, on April 5, 2000, he was discharged from the hospital by the defendant cardiologist Milton J. Reitman, with the instruction to seek a surgical consultation from the defendant cardiac surgeon Paul S. Damus, who had performed cardiac surgery on the decedent in 1980. During a consultation on April 17, 2000, with the decedent, Damus recommended that he undergo valve replacement surgery, but first required that the decedent obtain surgical clearance from a pulmonologist due to an underlying medical condition. There is no evidence in the record that the decedent ever obtained surgical clearance from a pulmonologist, or that he returned to Reitman or Damus to schedule surgery. The decedent died less than two months later, on June 4, 2000, from cardiac arrest.

The defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for negligent misrepresentation and negligence per se (see Wong v Gottbetter, 18 AD3d 541 [2005]; see also Fresh Direct v Blue Martini Software, 7 AD3d 487, 489 [2004]; cf. Graham v Columbia Presbyt. Med. Ctr., 185 AD2d 753 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact since the affidavits of her two experts were merely speculative. Neither expert supported his opinion that, because the decedent lacked medical insurance, the defendants provided him with inadequate treatment or inade-

quate discharge instructions, by referencing any "foundational scientific basis" (*Romano v Stanley,* 90 NY2d 444, 452 [1997]) demonstrating the proper treatment for someone with the decedent's medical history or condition. Accordingly, because the opinions of the plaintiffs' experts were merely speculative, their affidavits were properly accorded no probative force and were insufficient to raise a triable issue of fact (*see Diaz v New York Downtown Hosp.,* 99 NY2d 542, 544 [2002]; *Romano v Stanley,* 90 NY2d at 452; *Levy v Kung Sit Huie,* 54 AD3d 731 [2008]; *Moore v New York Med. Group, P.C.,* 44 AD3d 393 [2007]; *Keevan v Rifkin,* 41 AD3d 661 [2007]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.