VINCENT McPARTLAN et al., Respondents, v FRANK BASILE et al., Appellants, et al., Defendant. [883 NYS2d 82]—

In an action for the return of a down payment given pursuant to a contract for the sale of real property, the defendants Frank Basile and Angelina Basile appeal from a judgment of the Supreme Court, Westchester County (Friedman, J.H.O.), entered March 25, 2008, which, upon a decision made after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $52,500 and, in effect, dismissed their counterclaim.

Ordered that the judgment is affirmed, with costs.

The plaintiffs, as purchasers, and the defendants Frank Basile and Angelina Basile (hereinafter the appellants), as sellers, entered into a contract for the sale of certain real property and, pursuant to the terms of the contract, the plaintiffs tendered a down payment in the amount of $52,500. Paragraph 39 of the contract of sale provided that the plaintiffs' obligations under the contract were conditioned upon their receipt of an engineer's report that was acceptable to them, and that if they did not receive such a report, or if it was unacceptable to them, they could terminate the contract, whereupon their down payment would be refunded. After the engineer completed his report, the plaintiffs' attorney advised the appellants' attorney that the report revealed certain defects that were not acceptable to the plaintiffs, and that the plaintiffs had elected to terminate the contract of sale. When the appellants refused to return the

plaintiffs' down payment, the plaintiffs commenced this action, seeking the return of their down payment. After a nonjury trial, the Supreme Court determined that the plaintiffs had acted within their rights in terminating the contract of sale and were entitled to the return of their down payment.

Contrary to the appellants' contention, the engineer's report was admitted into evidence, and properly so, not to prove the truth or accuracy of its contents, but to establish that the plaintiffs had a good faith basis for determining that the report was unacceptable. Furthermore, the record supports the conclusion that the plaintiffs did, in fact, act in good faith, and thus their termination of the contract of sale pursuant to Paragraph 39 of the contract was valid (*see Hirsch v Food Resources, Inc.*, 24 AD3d 293, 296 [2005]; *Tradewinds Fin. Corp. v Refco Sec.*, 5 AD3d 229, 230-231 [2004]; *Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 302 [2003]). Accordingly, the Supreme Court properly determined that the plaintiffs were entitled to the return of their down payment.

The appellants' remaining contentions are without merit. Prudenti, P.J., Santucci, Florio and Belen, JJ., concur.