■ ELPIDIA BURGOS, Appellant, v MAHMOUD SAID HASSAN RATEB et al., Defendants, and AYMAN SHAHIN, Respondent. [883 NYS2d 115]—In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals (1) from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated May 17, 2007, as amended by an order of the same court dated July 19, 2007, as granted that branch of the motion of the defendant Ayman Shahin which was for summary judgment dismissing the complaint insofar as asserted against him, and (2), as limited by her brief, from so much of an order of the same court dated April 2, 2008, as denied that branch of her motion which was for leave to renew.

Ordered that the order dated May 17, 2007, as amended, and the order dated April 2, 2008, are affirmed insofar as appealed from, with one bill of costs.

The requisite elements of proof in a medical malpractice action are a deviation or departure from good and accepted medical practice and evidence that such departure was a proximate cause of the injury (*see Rebozo v Wilen*, 41 AD3d 457, 458 [2007]). The defendant Ayman Shahin demonstrated prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against him by the submission of extensive medical records and an expert affidavit which established, to a reasonable degree of medical certainty, that Shahin did not depart from the accepted standard of care and that, in any event, any alleged acts or omissions on his part were not the proximate cause of the plaintiff's injuries (*see generally Boutin v*

*Bay Shore Family Health Ctr.,* 59 AD3d 368 [2009]; *Hernandez v Hochman,* 56 AD3d 427 [2008]; *Myers v Ferrara,* 56 AD3d 78 [2008]; *Shahid v New York City Health & Hosps. Corp.,* 47 AD3d 800 [2008]). The plaintiff's submissions in opposition were insufficient to raise a triable issue of fact (*see Vera v Montefiore Med. Ctr.,* 60 AD3d 408 [2009]; *Volovar v Catholic Health Sys. of Long Is., Inc.,* 58 AD3d 830 [2009]). The plaintiff's contention that the branch of Shahin's motion which was for summary judgment dismissing the complaint insofar as asserted against him was premature is raised for the first time on appeal and therefore is not properly before us. Accordingly, the Supreme Court properly granted that branch of Shahin's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

The Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew, as the plaintiff failed to offer a reasonable justification for her failure to present the evidence offered in support of renewal in her opposition to that branch of Shahin's original motion which was for summary judgment dismissing the complaint insofar as asserted against him (*see* CPLR 2221 [e]; *Orlando v City of New York,* 21 AD3d 357 [2005]). The retention of a new expert is not a legitimate basis for renewal; renewal "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Welch Foods v Wilson,* 247 AD2d 830, 831 [1998]; *see Reshevsky v United Water N.Y., Inc.,* 46 AD3d 532 [2007]; *Mundo v SMS Hasenclever Maschinenfabrik,* 224 AD2d 343, 344 [1996]). Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.