■ RK SOLUTIONS, LLC, Appellant, v GEORGE WESTINGHOUSE INFORMATION TECHNOLOGY HIGH SCHOOL et al., Respondents. [982 NYS2d 765]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about February 15, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims for breach of contract, promissory estoppel and unjust enrichment, unanimously affirmed, without costs.

The complaint alleges that defendants contracted with plaintiff for the use of plaintiff's online communications product at no charge for more than a year, in exchange for defendants recommending the product to other public schools and assisting plaintiff's marketing efforts. However, as the court correctly noted, the record is bereft of a signed contract between the parties which includes these terms. The only executed document in the record is silent as to the terms of the agreement alleged in the complaint. The court properly dismissed plaintiff's breach of contract claim based on the statute of frauds in that the alleged contract by its terms could not be performed within one year (*see* General Obligations Law § 5-701 [a] [1]; *Tradewinds Fin. Corp. v Refco Sec.*, 5 AD3d 229 [1st Dept 2004]).

The court also correctly dismissed the promissory estoppel cause of action because, "[a]bsent an unusual factual situation [not present here], estoppel is not available against a govern-

mental agency engaging in the exercise of its governmental functions" (*see Advanced Refractory Tech. v Power Auth. of State of N.Y.*, 81 NY2d 670, 677 [1993] [internal quotation marks omitted]). Based on the allegations of the complaint, defendants were engaged in the governmental function of providing students with resources to further their education, insulating defendants from an estoppel claim.

An unjust enrichment claim " 'rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another' " (*Edelman v Starwood Capital Group, LLC*, 70 AD3d 246, 250 [1st Dept 2009], *lv denied* 14 NY3d 706 [2010] [emphasis omitted]). The unjust enrichment claim was also properly dismissed because the complaint fails to allege how defendants benefitted from the use of plaintiff's product for a limited time period, where defendant expended time and resources in training personnel to use the product, that may not have satisfied defendants' security requirements. Concur—Tom, J.P., Acosta, Saxe, DeGrasse and Freedman, JJ.