LINEA AEREA CUENCANA, Respondent, v ECC LEASING COMPANY LIMITED, Appellant. [63 NYS3d 33]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 13, 2017, which denied defendant's motion to dismiss the complaint in its entirety, unanimously reversed, on the law, without costs, and the complaint dismissed without prejudice. The Clerk is directed to enter judgment accordingly.

This case arises primarily from defendant's retention of a $2.18 million, "non-refundable" deposit given to it by plaintiff Linea Aerea Cuencana (LAC) toward the purchase of aircraft that did not materialize. Defendant ECC Leasing Company Limited (ECC) is in the business of selling and leasing pre-owned aircraft to buyers all over the world. LAC is an Ecuadoran airline. The transaction has a long and complicated history, memorialized by a series of proposals and extensions, that ultimately resulted in a purchase agreement. The complaint, however, does not identify the large majority of the parties' agreements, as LAC premises its breach of contract claim on the first "proposal agreement" the parties entered into in July of 2011, entitled "Proposal 130." Proposal 130 is the only agreement that was attached to the complaint.

LAC alleges that ECC breached Proposal 130 because it failed to produce a purchase agreement for two aircraft within 60 days of entering into the proposal, which, in its view, triggered a return of the deposit. No deposit was paid pursuant to Proposal 130, however. Proposal 130 had been superseded by a later proposal, Proposal 165, at the time the deposit was paid. A review of Proposal 130 also reveals that, even if it were enforceable, it was not breached. Proposal 130 provides that the "initial Deposit will be kept by ECC as liquidated damages" in the event that a purchase agreement was not entered into, and refers to the $2.18 million deposit as being "non-refundable."

LAC's claim for breach of the implied covenant of good faith and fair dealing fails for similar reasons. There can be no recovery flowing from Proposal 130 or its implied covenants (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]).

The unjust enrichment claim must fail, as the documents submitted with the dismissal motion demonstrate the existence of a valid agreement between the parties, and the plain terms of the complaint—which alleges that ECC "breached [the] Agreement" by refusing to return the deposit—confirm that its claim is based on the parties' actual agreements as opposed to a quasi-contract (*Goldstein v CIBC World Mkts. Corp.*, 6 AD3d 295, 296 [1st Dept 2004]). LAC's claims for consequential damages are barred by the plain terms of the Purchase Agreement.

While the complaint is facially deficient and must be dismissed, we note that the court below identified that there are factual issues surrounding whether the $2.18 million, "non-refundable" deposit was a valid liquidated damages provision or an unenforceable penalty (*Truck Rent-A-Ctr. v Puritan*

*Farms 2nd*, 41 NY2d 420, 424 [1977]). As LAC may have a claim for at least a partial return of its deposit based on this theory, the complaint is dismissed without prejudice so as to allow for it to make the proper allegations.

We have considered the parties' remaining contentions, and find them unavailing. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.