Sears Holdings Mgt. Corp. v Rockaway Realty Assoc., LP (2019 NY Slip Op 07144)





Sears Holdings Mgt. Corp. v Rockaway Realty Assoc., LP


2019 NY Slip Op 07144


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9986 650142/15

[*1]Sears Holdings Management Corp., etc., Plaintiff-Respondent,
v
Rockaway Realty Associates, LP, et al., Defendants-Appellants.


Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York (Sydney A. Fetten of counsel), for appellants.
Bruckmann & Victory, LLP, New York (Richard J. Sprock of counsel), for respondent.



Order, Supreme Court, New York County (Carmen Victoria St. George, J.), entered October 30, 2018, which granted plaintiff's motion for partial summary judgment as to liability for the third (breach of contract) and fourth (quantum meruit/unjust enrichment) causes of action, unanimously modified, on the law, to deny the motion as to the fourth cause of action, and to dismiss that cause of action, and otherwise affirmed, with costs, to be paid by defendants.
Plaintiff met its burden on its motion for summary judgment for breach of contract by submitting admissible evidence, including the emails from Mr. Poyker, an employee of one of the defendants, that defendants' refused to repair the interior of plaintiff's store, which constituted a breach of the parties' agreement. As defendants submitted no relevant admissible evidence in opposition to the motion, we affirm the grant of summary judgment for breach of contract in plaintiff's favor (Zuckerman v City of New York, 49 NY2d 557, 560 [1980]).
However, the fourth cause of action requires dismissal because it constitutes an indistinguishable dispute regarding the same operative facts as the claim for breach of contract (Goldstein v CIBC World Mkts. Corp., 6 AD3d 295, 296 [1st Dept 2004]; see also Board of Mgrs. of Honto 88 Condominium v Red Apple Child Dev. Ctr., a Chinese Sch., 160 AD3d 580, 581-582 [1st Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK